

THOMAS J. CATLIOTA
U.S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| | | |
|---|---|---|
| In re: | * | Case No.  18-17435 TJC |
| William L. Smith | * | Chapter  13 |
| Debtor | * | |
| * * * * * * * * * | | |
| William L. Smith | * | |
| Selena J. Smith | * | |
| Plaintiffs | * | |
| vs. | * | Adversary No.  18-262 |
| Citizens Financial Group, Inc. | * | |
| Citizens Bank, N.A. | * | |
| Defendants | * | |
| * * * * * * * * * * * * * | | |

**MEMORANDUM AND ORDER ABSTAINING FROM ADVERSARY PROCEEDING**

Plaintiffs William L. Smith and Selena J. Smith (the "Smiths") bring this adversary proceeding against defendants Citizens Financial Group, Inc. ("Citizens Financial") and Citizens Bank, N.A. ("Citizens Bank"), (collectively "Defendants"), seeking monetary and declaratory relief based on an action of trespass, breach of contract and action of covenant.  ECF 1.  Now before the Court is defendant, Citizens Bank's Motion to Dismiss under Fed. R. Civ. P. 12(b)(6)

1

(the "Motion"), opposed by the Smiths.  ECF 8, 11.  For the reasons stated herein, the court will abstain from this matter and therefore will dismiss the Complaint.

**Facts as Alleged in the Complaint**

The Smiths allege that they purchased real property known as 6804 Landon Court, Greenbelt, Maryland, (the "Property") in June 2002.  ECF 1, ¶2.  They executed a Note for the amount of $251,506 the same day and subsequently refinanced the Note by securing a loan through Charter One Bank, N.A. in the amount of $360,000 in June 2004, and executing a new Note and Deed of Trust.  ECF 1, ¶3-5.  The Smiths allege that they have not received notice of any transfer of the Note from Charter One Bank, N.A. to any other entity, nor have they received proof of the mortgage insurance required, as a term of the Deed of Trust.  ECF 1, ¶7-9.  They further allege that Defendants are not in possession of the Note they seek to enforce and therefore Defendants are not the actual mortgage creditor as a result of an incomplete chain of title.  ECF 1, ¶10-13.  Finally, the Smiths allege that all mortgage debt on the Property has been paid in full and that Defendants have been collecting insurance payments as a result of the Smiths alleged loan default, from the mortgage insurance purchased as a condition of the Deed of Trust.  ECF 1, ¶16-18.

The complaint brings causes of actions for action of trespass and trespass *quare clausum fregit*, on the basis that Defendants have not proven their ownership of the Note and Deed of Trust.  ECF 1, ¶31-37.  The second and third causes of action are brought jointly for breach of contract and action of covenant, including failure to provide notice of default, failure to provide notice of acceleration, failure to provide notice of foreclosure sale and failure to adhere to certain U.S. Department of Housing and Urban Development Guidelines.  ECF 1, ¶39-43.  The fourth and final cause of action is listed as a request for declaratory judgment, requesting a declaration

that the mortgage has been paid, that the foreclosure was wrongful, that ownership is solely vested in the Smiths and that any and all liens be declared void. ECF 1, ¶49-53. As stated in the Complaint, the Smiths request damages of $385,000 plus $1,155,000 and $1,000 per day for time spent and legal expenses incurred. ECF 1, ¶58.

## Motion to Dismiss

Citizens Bank filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Bankr. P. 7012, disputing this court's jurisdiction under the Rooker-Feldman doctrine. The Motion to Dismiss further alleges the Smiths failed to properly effectuate service under Fed. R. Bankr. P. 7004(b)(3) and that pursuant to Fed. R. Civ. P. 12(b)(5) dismissal is warranted. Finally, Citizens Bank contends that the Smiths' claims are barred by the doctrine of *res judicata* and should be dismissed on this basis.

### *Abstention*

Permissive abstention is governed by 28 U.S.C. §1334(c)(1), which provides, "nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." Courts consider a number of factors in deciding whether to abstain from hearing a matter:

1. Efficiency in the administration of the debtor's estate;
2. The extent to which state law issues predominate over bankruptcy issues;
3. Whether the issues involve difficult or unsettled questions of state law that would be better addressed by a state court;
4. The presence of a related proceeding commenced in state court;
5. The existence of a jurisdiction basis other than §1334;
6. The degree of relatedness or remoteness of the proceeding to the main bankruptcy case;
7. The substance rather than form of an asserted "core" proceeding;
8. The feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court;
9. The burden of the federal court's docket;

3

      10. The likelihood that the commencement of the proceeding in federal court involves forum shopping by one of the parties;
      11. The existence of a right to a jury trial; and
      12. Whether non-debtor parties are involved in the proceeding.

*In re Ojiegbe*, 512 B.R. 513, 527 fn. 1 (Bankr. D. Md. 2014) (*quoting MacLeod v. Daikon Shield Claimants Trust*, 967 F. Supp. 856, 858 (D. Md. 1997)).

    Here, the court will abstain from hearing this matter. The Smiths previously brought a similar action against the Defendants in state court. *See* ECF 8, Ex. A (the "State Court Complaint"). Notably, several of the "Statement of Facts" in the instant complaint nearly mirror those found in the State Court Complaint.[1] Likewise, the State Court Complaint was based, in part, on a breach of contract claim, and the requested relief was for monetary damages, as well as declaratory and injunctive relief concerning wrongful foreclosure, property ownership and lien validity. Both the State Court Complaint and the complaint in this adversary proceeding allege the Defendants are not the holders of the Smiths' note, they have no right to foreclose, and the loan has been paid in full.

    In this proceeding the Smiths ask the court to adjudicate a dispute concerning the same property, with the same parties and with only minor changes to the claims they asserted in the State Court Complaint. As the record reflects, the State Court Complaint is much further along than this proceeding. In fact, it has been dismissed on summary judgment. Indeed, as the Smiths state in their response (ECF 11), they bring this action in an effort to "have an opportunity to be heard which I was denied in the State Court and which I seek now in the instant Court." It is evident that the Smiths are using this proceeding to get the proverbial second bite at the apple and engaging in classic forum shopping, in an attempt to have this court decide matters of state

---

[1] Paragraph A of ECF 1 mirrors paragraph 2; paragraph B of ECF mirrors paragraph 3 (with the exception of the party to serve); paragraph 2 of ECF 1 mirrors paragraph 8; paragraph 3 of ECF mirrors paragraph 9; paragraph 4 of ECF 1 mirrors paragraph 10; paragraph 5 of ECF1 mirrors paragraph 11; paragraph 6 mirrors paragraph 12 and paragraph 7 makes substantially the same allegations as paragraph 14 of the State Court Complaint.

law that could be addressed by the Circuit Court, as if they had not already been decided by the Circuit Court.  Not only is the State Court Complaint much further advanced, but that court is better suited to decide the state law issues.  That court also has the historical experience with the parties and factual background relevant to expeditiously resolve these causes of action.

Lastly, it is evident from the face of the complaint that the overarching issues in this case are matters of state law and not bankruptcy law, and involve non-debtor parties.  Breach of contract, breach of covenant and trespass are not causes of action found under Title 11 of the United States Code.  The Smiths' request for declaratory judgment is likewise a matter confined to state law claims insomuch as the relief requests that this court make declarations concerning wrongful foreclosure, property ownership and lien validity.

### *Res Judicata*

Under the doctrine of *res judicata*, a prior judgment between the same parties can preclude subsequent litigation on those matters resolved in the first adjudication, as well as all claims that might have been presented at the time of the of the original adjudication.  *First Union Commer. Corp. v. Nelson, Mullins, Riley & Scarborough*, 81 F.3d 1310, 1314-15 (4th Cir. 1996). The elements a court examines to determine whether *res judicata* is applicable are whether:

> 1.  the prior judgment was final and on the merits and rendered by a court of competent jurisdiction in accordance with the requirements of due process;
>
> 2.  the parties are identical, or in privity, in the two actions; and
>
> 3.  the claim in the second matter is based upon the same cause of action involved in earlier proceeding, or at least a "common nucleus of operative fact."

*Grausz v. Englander,* 321 F.3d 467, 472 (4th Cir. 2003).

The standard of *res judicata* is virtually identical in Maryland for state law claims:

> 1.  the parties in the present litigation are the same or in privity with the parties to the earlier dispute;

  2. the claim presented in the current action is identical to the one determined in the prior adjudication; and
  3. there has been a final judgment on the merits.

*Anand v. O'Sullivan*, 168 A.3d 1030, 1041 (Md. Ct. Spec. App. 2017) (quoting, *Anne Arundel County Bd. of Educ. v. Norville,* 887 A.2d 1029 (Md. 2005)).

The Smiths contend that *res judicata* is not applicable because by dismissing the State Court Complaint, the Circuit Court could not have issued a final judgment on the merits, and due process requires that they "have an opportunity to be heard which I was denied in the State Court and which I seek now in the instant Court." As the record reflects, the Circuit Court held a hearing on Citizens Bank's motion for summary judgment and issued judgment in favor of Citizens Bank dismissing all counts[2] of the complaint and closing the case. ECF 8-2. This Court does not have a copy of the motion for summary judgment that was filed in the Circuit Court, or the resulting judgment in favor of Citizens Bank as a result of the hearing held. The Court is unable to determine whether summary judgment was issued as a result of the legal issues (i.e. on the merits), or a procedural flaw such as jurisdiction or standing. This is further support for the necessity of this court's abstention from the matter.

### *Rooker-Feldman*

The Rooker-Feldman doctrine divests this court of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [bankruptcy] proceedings commenced and inviting [bankruptcy] court review and rejection of those arguments." *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

The Smiths contend "the relief we are asking this Court to grant to us can be granted without disturbing any of the judgments or orders of the State Court." However, it is evident

---

[2] Procedurally, the parties mutually agreed to the dismissal of count 4, the Circuit Court held a hearing and ultimately issued final judgment dismissing all remaining counts.

that, regardless of the reasoning, the Smiths lost in the state court. It is also evident that the current complaint and the State Court Complaint share similarities in both form and substance. The court could not decide these matters without disturbing the prior judgment of the Circuit Court. Again, this is further support for the necessity of this Court's abstention from the matter, regardless of the applicability of the Rooker-Feldman doctrine.

### *Service of Process*

For the reasons stated herein, the Court need not reach the issue of proper service in making its determination.

Accordingly, and for the foregoing reasons, it is by the United States Bankruptcy Court for the District of Maryland, hereby

ORDERED, that the court will abstain from hearing the Complaint; and it is further

ORDERED, that the Complaint is dismissed without prejudice; and it is further

ORDERED, that for the sake of clarity of the record, relief from the automatic stay is granted to the extent necessary to allow the Smiths to pursue the State Court Complaint to finality.

cc:   Plaintiffs- *Pro Se*
      Defendants
      Defendants' Counsel
      Trustee
      U.S. Trustee

**END OF MEMORANDUM AND ORDER**